The Honorable David R. Malone State Senator P.O. Box 1048 Fayetteville, Arkansas 72702-1048
Dear Senator Malone:
This is in response to your request for an opinion concerning a plan to provide water to certain cities and rural water associations in Benton and Washington Counties. Specifically, you indicate that the Benton-Washington County Water Authority has been formed between the Benton County Rural Development Authority and the Washington County Rural Development Authority. The Authority proposes to "affiliate" ten member cities and rural water associations into the Authority. The Authority seeks to sell water to each member, including the cities, under a forty year contract.
Your specific questions with regard to these facts are whether the city members of the Authority are precluded by A.C.A. 14-239-109 [14-234-109] from entering into a forty (40) year contract with the "association," and if so, you ask what liability the city would incur from entering into such a contract.
Although I cannot tell from the facts presented exactly how the new entity is to be structured and under what statutory authority it is to be created, it is my opinion that the statute you reference, A.C.A. 14-239-109 [14-234-109], does not apply to the facts at hand. Whether the contract is otherwise lawful is a question for the cities' and other parties' respective individual counsels to determine.
I assume, as an initial matter, that the Benton County Rural Development Authority and the Washington County Rural Development Authority were each created pursuant to A.C.A.14-188-101 to -122 (1987). One provision of this subchapter, A.C.A. 14-188-119, allows any two or more rural development authorities to cooperate in constructing or operating a project under the subchapter. Although you have not indicated the exact nature of the project contemplated, it apparently is related to the provision of water to municipalities, which is an authorized purpose under the subchapter. See A.C.A. 14-188-103 (7)(C), and cf. Columbia County Rural Development Authority v. Hudgens, 283 Ark. 415,678 S.W.2d 324 (1984). I assume, therefore, that it is these statutes under which the project is proceeding. Additionally, I assume that the "affiliation" of the ten "member" cities and rural water associations will be evidenced by a contract in which each agrees to purchase water from the Authority.
You have asked whether such contracts, entered into by the cities, if for a term of forty years, will run afoul of A.C.A.14-234-109. This statute authorizes cities of the first class owning or operating waterworks systems to sell water at contractual rates to other municipalities or improvement districts. Subsection (b)(2) of this statute provides that: "The contract may be for a term of not exceeding twenty (20) years. . . ." See generally, regarding this statute, Op. Att'y Gen. 94-028 (copy enclosed). This statute simply does not apply to the facts at hand. It applies when a city of the first class contracts to provide water to another municipality or improvement district. In the facts you have described, the water will be provided either by a rural development authority, or, it appears, by an entity formed through cooperation of two rural development authorities. It is therefore my opinion that the statute you reference has no applicability to the situation you describe, and therefore stands as no impediment to such a contract.
The question of whether the contracts are otherwise lawful, however, is one for each cities' counsel to determine after a review of all the relevant facts and circumstances.
In light of the response above, an answer to your second question is unnecessary.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh
Enclosure